■ ISRAEL WEINSTOCK, Appellant, v ESTHER WEINSTOCK, Respondent. [672 NYS2d 908] —In a matrimonial action in which the parties were divorced by a judgment dated April 20, 1995, the plaintiff former husband appeals from an order of the Supreme Court, Queens County (Golar, J.), dated March 26, 1997, which denied his motion to vacate an order of the same court (Modugno, J.H.O.), dated March 27, 1989, setting aside the parties' separation agreement.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the appellant and counsel for the respondent are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, on the appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 11, 1998.

Pursuant to an order of the Supreme Court, Queens County, dated March 27, 1989, the parties' separation agreement was set aside on the ground that it was unconscionable. That order was affirmed by decision and order of this Court dated November 13, 1990, since the separation agreement was "so manifestly unfair, and the apparent product of coercion and overreaching on the part of the plaintiff" (*Weinstock v Weinstock,* 167 AD2d 394, 397). In the instant motion pursuant to CPLR 5015 (a), the plaintiff former husband sought to have the order dated March 27, 1989, vacated, alleging, *inter alia,* that it was the product of a fraud perpetrated upon the trial court and this Court by his former wife.

Contrary to the plaintiff's contentions, the Supreme Court properly determined that the plaintiff's motion to vacate the order was not made within a reasonable time. The motion was made approximately five and one-half years after that order was affirmed by this Court and approximately two years after he claimed that the alleged fraud had been revealed. In any event, the plaintiff's motion, for the most part, reargued the same evidence that was before the court in 1989. The one piece of evidence that was not admitted at the conversion divorce trial was available to the plaintiff at the commencement of the action (*see, Fidelity N. Y. v Hanover Cos.,* 162 AD2d 582) and clearly was not probative of the issue of fraud.

Moreover, the plaintiff's actions give rise to the possibility of sanctions pursuant to 22 NYCRR 130-1.1 (c). Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.