■ JACK WALKER et al., Respondents, v ISRAEL WEINSTOCK et al., Appellants. [680 NYS2d 177] —In an action, *inter alia*, for a judgment declaring the ownership interests of the parties in 4200 Avenue K Realty Corporation, the defendants appeal from stated portions of a judgment of the Supreme Court, Kings County (Douglass, J.), entered June 24, 1997, which, after a nonjury trial, *inter alia*, declared that they had no interest in the corporation.

Ordered that the judgment is affirmed, insofar as appealed from, with costs.

The trial evidence amply supports the Supreme Court's determination, *inter alia*, that the appellants Israel Weinstock and JB Trading International, Ltd., had no interest in 4200 Avenue K Realty Corporation or the property owned by that corporation. The terms of, and the circumstances surrounding, the assignments through which the appellants claim ownership rendered those assignments void as the products of coercion and overreaching (*see, Weinstock v Weinstock,* 167 AD2d 394).

The appellants' remaining contentions are without merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur. [*See,* 173 Misc 2d 1.]

■ JACK WALKER et al., Respondents, v ISRAEL WEINSTOCK et al., Appellants. [680 NYS2d 177] —In an action, *inter alia*, for a judgment declaring the ownership interests of the parties in 4200 Avenue K Realty Corporation, the defendants appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated February 4, 1998, as, in effect, denied their motion to vacate a judgment of the same court entered June 24, 1997.

Ordered that the order is affirmed, with costs.

Upon their motion to vacate the judgment, the appellants failed to present either new evidence which, if introduced at trial, would have produced a different result (*see,* CPLR 5015 [a] [2]), or any evidence of fraud on the part of the plaintiffs (*see,* CPLR 5015 [a] [3]). Therefore, the motion was properly denied.

The appellants' remaining contentions are without merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.