[740 NYS2d 128]

In the Matter of ISRAEL WEINSTOCK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 8, 2002

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* and *Robert J. Saltzman* of counsel), for petitioner.

*Israel Weinstock,* Belle Harbor, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing four charges of professional misconduct. By decision and order of this Court dated December 15, 2000, he was granted a hearing solely on mitigation, and was determined to be collaterally estopped from contesting any factual issues at the hearing. After the hearing on the issue of mitigation, the Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the Special Referee's report, to dismiss the petition, and to refer the matter to the Appellate Division, Third or Fourth Judicial Department, to avoid the appearance of impropriety. Alternatively, he seeks a 60-day stay of any discipline imposed in order to seek leave to appeal to the Court of Appeals.

Charge One alleged that the respondent engaged in conduct involving overreaching and coercion that adversely reflects on

his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In 1984, the respondent represented Dr. Jack Walker, a principal of 4200 Avenue K Realty Corporation, in connection with an action for specific performance involving property located at 4200 Avenue K, in Brooklyn. In exchange for a 20% interest in the stock of 4200 Avenue K Realty Corporation, the respondent agreed to prosecute an appeal from an order. At about the same time, in an unrelated matter, Dr. Walker commenced an action against the respondent in Nassau County. The respondent subsequently obtained from Dr. Walker the remaining 80% interest in the stock of 4200 Avenue K Realty Corporation by threatening to sue him for libel, slander, and abuse of process in the Nassau County matter.

Charge Two alleged that based on the foregoing factual allegations, the respondent improperly acquired a proprietary interest in the subject matter of the litigation he was conducting for a client, in violation of Code of Professional Responsibility DR 5-103 (22 NYCRR 1200.22).

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By order dated March 26, 1997, the Supreme Court, Queens County, denied the respondent's motion to vacate an order of the same court dated March 27, 1989, which set aside a separation agreement entered into between the respondent and Esther Weinstock. By decision and order of this Court dated May 11, 1998, the order of the Supreme Court was affirmed (*Weinstock v Weinstock,* 250 AD2d 671). The respondent's appeal from the Supreme Court's order was without merit and was undertaken for the purpose of harassing and maliciously injuring the opposing party (*see Weinstock v Weinstock, supra*).

Charge Four alleged that, based on the foregoing factual allegations, the respondent engaged in legal action merely to harass or maliciously injury another, in violation of Code of Professional Responsibility DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1]).

Based on the decision and order of this Court dated December 15, 2000, and the evidence adduced at the hearing, all four charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the Court has considered the respondent's stubborn

refusal to acknowledge his misconduct and his attempts to blame everyone else, including the Grievance Committee and this Court, for the situation in which he now finds himself. He is guilty of serious professional misconduct involving harassment, coercion, and overreaching. Despite the fact that he has no prior disciplinary history, his disbarment is warranted.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion, inter alia, to disaffirm the Special Referee's report is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Israel Weinstock, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Israel Weinstock is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.