**Michael W. CIOCE, Plaintiff–Appellant,**

v.

**COUNTY OF WESTCHESTER, Westchester County Department of Corrections, Rocco Pozzi, Dep't of Corrections Commissioner, Charles Spencer, Former Dep't of Corrections Captain, Defendants–Appellees.**

No. 04–1248.

United States Court of Appeals, Second Circuit.

Feb. 25, 2005.

---

* Hon. Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Michael W. Cioce, Poughkeepsie, New York, for Appellant, pro se.

Matthew I. Gallagher (Stacey Dolgin–Kmetz, Chief Deputy County Attorney, Mary Lynn Nicolas, Associate County Attorney, on the brief), for Charlene M. Indelicato, Westchester County Attorney, White Plains, New York, for Appellees.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Southern District of New York (Brieant, J.). is VACATED and REMANDED in part and AFFIRMED in part.

Plaintiff–Appellant Michael W. Cioce ("Cioce"), *pro se*, appeals from: (1) the December 16, 2003 judgment of the United States District Court for the Southern District of New York (Brieant, J.) dismissing his complaint for failure to prosecute; and (2) the January 27, 2004 judgment denying his motion to vacate the dismissal of his action pursuant to Fed.R.Civ.P. 59(e) and sanctioning him in the amount of $525.00 in attorneys' fees. We presume familiarity by the parties with the factual and procedural background of this case.

We apply a five-part balancing test to determine whether a district court abused its discretion by dismissing a complaint for failure to prosecute. *See Shannon v. General Elec. Co.,* 186 F.3d 186, 193 (2d Cir. 1999). These factors are: (1) the duration of the plaintiff's failures, (2) whether the plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced

* The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

by further delay, (4) whether the district court judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). No one factor is dispositive. *See Shannon*, 186 F.3d at 193–94. The remedy of dismissal for failure to prosecute is "pungent, rarely used, and conclusive." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir.1980). Moreover, "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

■ Applying the five-part balancing test, we conclude that the district court's dismissal of Cioce's complaint for failure to prosecute was an abuse of discretion. First, although the failures to effect service, to notify the defendants of the December 12, 2003 conference, and to appear at the conference were those of the plaintiff, these failures were not of a significant duration or sufficiently extreme to warrant a dismissal. For example, Cioce initiated the instant action on September 8, 2003. Pursuant to Fed.R.Civ.P. 4(m), he had 120 days to serve defendants with process and did so on December 19, 2003, suggesting his willingness to pursue litigation. *Cf. Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir.1998) (finding that *pro se* litigant's "conscientious effort" to comply with judge's orders in advance of filing deadline, by filing papers within or close to deadlines, suggested abuse of discretion by district court in dismissing for failure to prosecute).

Application of the second factor of the test also favors Cioce. Although Cioce failed to comply with the Notice of Court Conference directing him to appear at the December 12, 2003 conference and to provide written notification to opposing counsel of the conference, the Notice did not explain that the failure to comply with the directive could result in the dismissal of the action—a point conceded by defense counsel on appeal. *Cf. United States ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir.2004) (finding that plaintiff was not on notice that certain additional delays would result in dismissal of case); *Nita*, 16 F.3d at 486 (finding that *pro se* plaintiff had no notice that her case was "on the brink of dismissal" if she failed to respond to certain motions).

Third, defendants have not shown that they have suffered actual prejudice from Cioce's actions. Cioce told the district court clerk that he could not attend the December 12, 2003 conference because he had not yet served the defendants with papers, a statement that suggests some degree of confusion on Cioce's part about court procedure. *Pro se* litigants are concededly required to learn about, and comply with, relevant procedural rules. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995). Nevertheless, in light of the relatively short delay, the defendants have not demonstrated that Cioce's actions were sufficiently extreme and harmful to justify dismissal. *See Drake*, 375 F.3d at 255 (stating that "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater" (citation and internal quotation marks omitted)).

Fourth, it is not evident that the district court balanced the competing concerns of alleviating court calendar congestion and protecting Cioce's right to due process and a fair chance to be heard. As previously noted, the district court did not notify Cioce that noncompliance with a court di-

rective could result in dismissal. Having been informed of Cioce's confused exchange with the district court clerk, the district court nevertheless requested defendants to move for failure to prosecute. The absence of such a balancing exercise militates in Cioce's favor. *Compare, e.g., Nita,* 16 F.3d at 486 ("[W]e see no indication that the district court balanced its interest in calendar management against [plaintiff's] interest in vindicating her rights or that it considered imposing lesser sanctions. For several reasons it is difficult to conclude that such a balancing would not have dissuaded the court from dismissing the action"), *with Drake,* 375 F.3d at 257 (affirming dismissal for failure to prosecute but noting that because "the district court itself found that [plaintiff's] delay had not impacted the trial calend[a]r or otherwise impeded the court's work," no reason existed to disturb district court's conclusion that this factor counseled against dismissal).

Finally, no evidence indicates that the district court assessed the efficacy of lesser sanctions in dismissing Cioce's case. In light of the *res judicata* and collateral estoppel effects of such a disposition, the district court should have considered lesser sanctions. The district court's failure to undertake this analysis also weighs in Cioce's favor. *See, e.g., Lucas,* 84 F.3d at 536 (finding "no indication that [district court] considered lesser sanctions as an alternative to the dismissal of the supplemental complaint" as part of holding that district court improperly dismissed *pro se* plaintiff's complaint per Fed.R.Civ.P. 41(b)).

█ We also review here the district court's imposition of sanctions for abuse of discretion. *See Ashlodge, Ltd. v. Hauser,* 163 F.3d 681, 683 (2d Cir.1998) (per curiam) (reviewing Rule 16(f) monetary sanction for abuse of discretion), *abrogated on*

*other grounds, Cunningham v. Hamilton County,* 527 U.S. 198, 200, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Because it is undisputed that Cioce failed to attend the January 16, 2004 hearing on his reconsideration motion, the district court did not abuse its discretion by requiring Cioce to pay reasonable expenses incurred pursuant to Fed.R.Civ.P. 16(f).

We have considered Cioce's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby VACATED and REMANDED in part and AFFIRMED in part.