**In re Emmerich HANDLER, a/k/a Isaac Handler and Rita Handler a/k/a Rifka Handler, Debtors.**

**Israel Weinstock, Plaintiff,**

**v.**

**Emmerich Handler, Jack Walker, Kaminetzer Yeshiva of Jerusalem, and David J. Doyaga, as Trustee of the Estate of Emmerich and Rita Handler, Defendants.**

**Bankruptcy No. 00–14960–CEC.**
**Adversary No. 04–01174–CEC.**

United States Bankruptcy Court,
E.D. New York.

May 17, 2005.

Gary F. Herbst, LaMonica Herbst and Maniscalco, Wantagh, NY, for Chapter 7 Trustee.

Wayne M. Greenwald, New York City, for Jack Walker.

## DECISION ON MOTION FOR RECONSIDERATION

CARLA E. CRAIG, Bankruptcy Judge.

This matter comes before the Court on the motion of plaintiff, Israel Weinstock, seeking reconsideration pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Rules") of the judgment dismissing this adversary proceeding entered on March 18, 2005. The judgment is based upon a Decision entered on February 14, 2005. For the reasons set forth below, reconsideration is granted and the

judgment is vacated to the extent set forth herein.

### Standard Under Rule 9023

Rule 9023 incorporates by reference Fed.R.Civ.P. 59(e), which provides that a motion to alter or amend a judgment may be filed no later than 10 days after entry of judgment. *Wight v. Bankamerica Corp.*, 219 F.3d 79, 84 (2d Cir. 2000). In order to be successful, a motion to alter or amend a judgment must show that the court "overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Cioce v. County of Westchester*, 123 Fed.Appx. 451, 2005 U.S.App. LEXIS 6587 (2d Cir.2005), *quoting Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir.2003); *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y. 1988), *citing Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y. 1987); *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747 (S.D.N.Y. 1985); *New York Guardian Mortgagee Corp. v. Cleland*, 473 F.Supp. 409, 421 (S.D.N.Y.1979); *United States v. Int'l Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y.1978); *see also Park South Tenants Corp. v. 200 Central Park South Associates, L.P.*, 754 F.Supp. 352, 354 (S.D.N.Y.1991), *aff'd*, 941 F.2d 112 (2d Cir. 1991). Such a motion may not be used to relitigate matters previously determined or to raise a new legal theory or to present evidence that could have been presented prior to the entry of judgment. *Ryan v. Sullivan, Hill, Lewin, Rez, Engel & La-Bazzo*, 2005 WL 367836, 2005 U.S. Dist. LEXIS 2122 (D.Conn., 2005), *quoting Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990) (motions made pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"); *In re Williams*, 188 B.R. 721, 725 (Bankr.D.R.I.1995) (Rule 59(e) may not be used to rehash arguments already rejected by court or for refuting court's prior decision); *Diebitz v. Arreola*, 834 F.Supp. 298, 302 (D.Wis.1993) (motion to alter or amend not designed to relitigate old matters); *In re Dyke*, 2004 WL 1171721 (Bankr.D.N.H.2004), *citing* 11 Wright, Miller & Kane, Federal Practice and Procure: Civil § 2810.1 (2d ed.1995).

Weinstock alleges in this adversary proceeding that the determinations of the state court in *Walker v. Weinstock*, 173 Misc.2d 1, 658 N.Y.S.2d 167 (Sup.Ct. Kings Co.1997), *aff'd* 255 A.D.2d 508, 680 N.Y.S.2d 177 (2d Dep't 1998) were a result of collusion among several judges, the Debtor, Walker, Kaminetzer Yeshiva of Jerusalem, and the law firm of Cleary, Gottlieb, Steen & Hamilton ("Cleary"). In *Walker v. Weinstock*, the state court rejected Weinstock's claim to be owner of 4200 Avenue K Realty Corp., and found that the purported transfer by Walker (Weinstock's former client) to Weinstock of the stock of that corporation must be set aside as unconscionable, and as the consequence of overreaching and undue influence by Weinstock over his client, Walker. 658 N.Y.S.2d at 171. In affirming that judgment, the Appellate Division held that

> [t]he trial evidence amply supports the Supreme Court's determination, *inter alia*, that the appellants Israel Weinstock and JB Trading International, Ltd., had no interest in 4200 Avenue K Realty Corporation or the property owned by that corporation. The terms of, and the circumstances surrounding, the assignments through which the appellants claim ownership rendered those assignments void as the products of coercion and overreaching.

*Walker v. Weinstock*, 255 A.D.2d 508, 680 N.Y.S.2d 177.

At the same time as it affirmed the trial court on the merits, the Appellate Division affirmed the Supreme Court's denial of Weinstock's motion to vacate the judgment, holding:

> Upon their motion to vacate the judgment, the appellants failed to present either new evidence which, if introduced at trial, would have produced a different result (*see* CPLR 5015[a][2] ), or any evidence of fraud on the part of the plaintiffs (*see* CPLR 5015[a][3] ). Therefore, the motion was properly denied.

*Id.*

Weinstock alleges that the Debtors and Cleary, in collusion with various state court judges, worked to strip him of his interest in 4200 Avenue K Realty Corp., which Weinstock claimed to have acquired from Walker, and that they arranged to have him disbarred to prevent him from recovering that interest, and to cover their tracks. In Weinstock's disbarment proceedings, the Appellate Division, Second Department found, among other things, that based upon the facts found by the trial court in *Walker v. Weinstock,* Weinstock engaged in conduct involving overreaching and coercion that adversely reflected upon his fitness to practice law. *In re Weinstock,* 292 A.D.2d 1, 2–3, 740 N.Y.S.2d 128 (2d Dep't 2002). Weinstock seeks in this adversary proceeding to have the state court judgment in *Walker v. Weinstock* set aside as void under the due process clause of the Fourteenth Amendment, and seeks disgorgement from defendants Walker and Handler of their "enhanced misbegotten gains traceable to the void judgment." (Verified First Amended Complaint For Equitable Relief, p. 39.)

In the Decision entered February 14, 2005, *Weinstock v. Handler (In re Handler),* 321 B.R. 632 (Bankr.E.D.N.Y.2005), this Court concluded that the *Rooker–Feldman* doctrine requires dismissal of this adversary proceeding, because the claims asserted here can succeed only if determinations of the Supreme Court, Kings County and Appellate Division, Second Department in *Walker v. Weinstock* are incorrect. The reasoning behind that conclusion is discussed at length in the Decision, and will not be repeated here.

Weinstock contends on this motion that *Griffith v. Bank of New York,* 147 F.2d 899 (2d Cir.1945), constitutes controlling law, which, if properly considered, would have compelled a different outcome.

This Court disagrees. First of all, *Griffith* does not address the applicability of the *Rooker–Feldman* doctrine at all. Indeed, *Griffith* predates by 38 years the Supreme Court's decision in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and must be understood in light of the volume of case law developing the *Rooker–Feldman* doctrine since that date.

*Griffith* is based upon an analysis of principles of *res judicata* and the facts of that case differ significantly from those presented here. *Griffith* was a diversity action by an heir against a bank which had served as testamentary trustee, seeking an accounting and damages. The bank raised the defense of *res judicata,* relying on two state court orders: (1) a consent judgment of Supreme Court, New York County settling the bank's account as trustee, and (2) a Surrogate's Court order dismissing a petition seeking resettlement of this account by reason of claimed duress by the defendant in the procurement of the consent judgment. *Res judicata* did not prevent collateral attack on the consent judgment on grounds of alleged duress, the Second Circuit held, because "... the very duress by which the release or consent is obtained also prevents the coerced party from challenging before or at trial the

statements or conduct of its adversary. Thus in the original action the issue of duress never is before the court." *Id.* at 902. The Second Circuit also found that the Surrogate's Court's order dismissing the heir's petition for resettlement of the account did not constitute *res judicata* preventing collateral attack on the consent judgment because the Surrogate's "opinion does show clearly that decision is not on the merits, but is only because relief was sought in the wrong court." *Id.* at 903.

Here, the decision that Weinstock seeks to attack in federal court—the final judgment of Supreme Court, Kings County in *Walker v. Weinstock*—was plainly on the merits, and was affirmed on the merits by the Appellate Division, Second Department. Moreover, the trial court's denial of Weinstock's motion to vacate the judgment pursuant to CPLR 5015(a)(2) (which provides for relief from a judgment on the grounds of newly-discovered evidence which, if introduced at trial, would probably have produced a different result), and CPLR 5015(a)(3) (which provides for relief from a judgment on the grounds of fraud, misrepresentation or other misconduct of an adverse party) was also affirmed; in that decision, the Appellate Division found that there was no "evidence of fraud on the part of the plaintiffs." *Walker v. Weinstock*, 255 A.D.2d at 508, 680 N.Y.S.2d 177.

■ Moreover, although the application of *Rooker–Feldman* and *res judicata* often produce similar outcomes, there is a distinction between the doctrines that is fatal to Weinstock's efforts to invoke *Griffith* as authority for maintaining this action. This distinction is illustrated in *Smith v. Weinberger*, 994 F.Supp. 418 (E.D.N.Y.1998). There, the plaintiff asserted a claim for conversion, alleging that the defendants wrongfully obtained a default judgment of foreclosure in state court by means of

deceit and fraud. The Court rejected the defendant's argument that the plaintiffs' claims were barred by the doctrine of *res judicata* based on the foreclosure judgment, noting that under New York law, the doctrine of *res judicata* does not bar a collateral attack on a judgment that was procured by fraud. *Id.* at 421. However, on a subsequent motion for summary judgment, the Court dismissed plaintiffs' claims based on the *Rooker–Feldman* doctrine, holding that "[t]he fact that the plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of *Rooker–Feldman.*" *Id.* at 424. "As the Supreme Court noted in *Rooker*, even if the judgment was wrongly procured, it is, nevertheless, an effective and conclusive adjudication until modified or reversed in the appropriate State appellate or collateral proceeding." *Id.*

■ Other courts have also found that *Rooker–Feldman* applies even when there are allegations that the state court proceedings were tainted by fraud. In *Levitin v. Homburger*, 932 F.Supp. 508, 513 (S.D.N.Y.1996), *aff'd*, 107 F.3d 3 (2d Cir. 1997), for example, the plaintiff claimed that defendants colluded to conduct a sale of his partnership interest without his knowledge and committed other violations of due process, including bribing the referee. The court found that these claims, which amounted to a request that the District Court review the judgment rendered in the state proceeding and readjudicate his claims, were barred by *Rooker–Feldman*. *Accord, Zipper v. Todd*, 197 U.S. Dist. LEXIS 4770, 1997 WL 181044 at *1–3 (S.D.N.Y.1997) (finding that *Rooker–Feldman* prohibited a federal challenge to a state court order of liquidation, holding that "plaintiffs' allegations of fraud . . . are unavailing").

The same result must be reached here. Weinstock seeks to have the judgment of the state court in *Walker v. Weinstock* set aside. This is the paradigm of the type of case which must be dismissed under *Rooker–Feldman*, which, as the Supreme Court recently explained, applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. ——, —— – ——, 125 S.Ct. 1517, 1521–1522, 161 L.Ed.2d 454 (2005).

This is not the first time Weinstock has brought suit in federal court based upon the allegations made in this adversary proceeding. In *Weinstock v. Huttner et al.*, CV–03–741, Weinstock sued the judges of the Supreme Court, Kings County and Appellate Division, Second Department who had decided against him in *Walker v. Weinstock* (and who had also been members of the judicial panel in his disbarment proceedings), as well as two Grievance Committee staff members, seeking (among other things) declaratory judgments that these state court proceedings had violated his Constitutional rights. This action was dismissed *sua sponte* by the District Court. Among the grounds for dismissal was the District Court's conclusion that the *Rooker–Feldman* doctrine deprived the court of subject matter jurisdiction to hear the claims, which were inextricably intertwined with the state court disbarment proceedings. (Memorandum Order dated April 7, 2003 (Trager, J.).)

*Leber–Krebs, Inc. v. Capitol Records*, 779 F.2d 895 (2d Cir.1985), also cited by Weinstock as controlling authority overlooked by this Court, has even less applicability to this case. *Leber–Krebs* does not implicate the *Rooker–Feldman* doctrine, as it does not involve an attempt to challenge a prior state court determination in federal court. Rather, *Leber–Krebs* deals with a federal court challenge to a judgment previously obtained in federal court, and is based upon, among other things, the application of Fed.R.Civ.P. 60(b).

Weinstock also contends that because this is a non-core proceeding, this Court should not have dismissed the complaint, but rather should have issued a report and recommendation to the District Court pursuant to Bankruptcy Rule 9033. Although it may be noted that this method of proceeding had no substantive impact on Weinstock's rights, given that a judgment dismissing the complaint, like proposed findings and conclusions under Rule 9033, is subject to *de novo* review, it is appropriate to vacate the judgment, and to incorporate this Court's prior decision and this decision in a report and recommendation to the District Court, which is being issued herewith.