See also 292 A.D.2d 1, 740 N.Y.S.2d 128.

In Re: Israel WEINSTOCK,
Respondent.

Grievance Committee, Petitioner–
Appellee,

v.

Israel Weinstock, Respondent–
Appellant.

Nos. 05–2672–CV, 05–8302–CV.

United States Court of Appeals,
Second Circuit.

Nov. 28, 2005.

Israel Weinstock, (Robert S. Catz, Washington, D.C., on the brief), Belle Harbor, N.Y., for Respondent–Appellant, pro se.

PRESENT: McCLAUGHLIN, CALABRESI, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

By order of April 8, 2002, the New York State Supreme Court, Appellate Division, Second Department sustained four charges of professional misconduct against Attorney Israel Weinstock and ordered his disbarment.[1] *In re Weinstock,* 292 A.D.2d 1, 740 N.Y.S.2d 128 (App. Div.2d Dep't 2002). On March 17, 2005, the Grievance Committee for the United States District Court for the Southern District of New York issued an order of reciprocal disbarment, pursuant to S.D.N.Y. Local Civil Rule 1.5(d)(2), after considering Weinstock's written response to an order to show cause why reciprocal disbarment should not be imposed. Pursuant to Second Circuit Local Rule 46(f)(1), the Second Circuit entered an order on October 17, 2005, disbarring Weinstock from practice before this court. Weinstock appeals the district court's disbarment order and moves to have the Second Circuit's disbarment order revoked. He also seeks the appointment of a special master to conduct an evidentiary hearing pursuant to Federal Rule of Appellate Procedure 46(b)(3) and Local Rule 46(f). We have consolidated Weinstock's challenges to the two disbarment orders.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on review.

Before imposing or affirming reciprocal disbarment, federal courts are required to conduct only the "limited review" prescribed by *Selling v. Radford,* 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585 (1917). *In re Edelstein,* 214 F.3d 127, 131 (2d Cir.2000). *Selling* identified three

---

**1.** Weinstock was found to have committed the following violations of the Disciplinary Rules of New York's Code of Professional Responsibility:

(1) engaging in conduct involving overreaching and coercion that adversely reflects on his fitness to practice law, in violation of DR 1–102(a)(8) (since changed to 1–102(a)(7)), 22 NYCRR 1200.3[a][8] (since relocated to 1200.3[a][7] ),

(2) improperly acquiring a proprietary interest in the subject matter of the litigation he was conducting for a client, in violation of DR 5–103, 22 NYCRR 1200.3,

(3) engaging in conduct prejudicial to the administration of justice, in violation of DR 1–102(a)(5), 22 NYCRR 1200.3[a][5], and

(4) engaging in legal action merely to harass or to injure another maliciously, in violation of DR 7–102(a)(1), 22 NYCRR 1200.33[a][1].

grounds why reciprocal disbarment should not be imposed: "(1) absence of due process in the state procedure, (2) substantial infirmity in the proof of lack of private and professional character, or (3) 'some other grave reason' sufficient to indicate that reciprocal disbarment was inconsistent with 'principles of right and justice.'" *In re Tidwell,* 295 F.3d 331, 334 (2d Cir.2002) (quoting *Selling,* 243 U.S. at 51, 37 S.Ct. 377). Because none of these conditions is met here, we affirm both orders of reciprocal disbarment.

■ Weinstock's principal argument is that due process requires that professional misconduct be proved by clear and convincing evidence. Accordingly, he contends that findings of misconduct by a preponderance of the evidence, which is the standard in New York state disciplinary proceedings, cannot support reciprocal disbarments. This argument, however, is squarely foreclosed by *In re Friedman,* a case that Weinstock fails to mention in his brief. *Grievance Comm. v. Friedman (In re Friedman),* 51 F.3d 20, 22 (2d Cir.1995) ("[Friedman] argues that the district court erred in accepting a state court disbarment order based on proof established by a preponderance of the evidence.... We reject [this] contention[ ].").

Weinstock makes several other, equally unavailing arguments. Most of these were not raised before the district court, so we do not need to consider them insofar as they apply to Weinstock's appeal from his disbarment by the district court. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Virgilio v. City of New York,* 407 F.3d 105, 116 (2d Cir.2005). We do, however, examine his contentions insofar as they bear on the validity of this court's disbarment order.

■ For example, Weinstock asserts, for the first time before us, that statements in New York Supreme Court and Appellate Division opinions that he had

engaged in overreaching and coercion were only dicta, so that it was error and a violation of due process for the Appellate Division to hold Weinstock collaterally estopped from contesting the facts of his professional misconduct in his disciplinary proceedings. *See Walker v. Weinstock (Walker II ),* 680 N.Y.S.2d 177, 177 (App. Div.2d Dep't 1998); *see also Walker v. Weinstock (Walker I ),* 173 Misc.2d 1, 658 N.Y.S.2d 167, 171 (Sup.Ct.1997). Regardless of whether the Appellate Division was correct with respect to the collateral estoppel effect of *Walker II* on the charge under DR 1–102(a)(8) (overreaching and coercion), Weinstock does not deny that *Walker II* collaterally estopped him from challenging the DR 5–103 charge (improperly acquiring a proprietary interest in the subject matter of the litigation), or that he was collaterally estopped by *Weinstock v. Weinstock,* 250 A.D.2d 671, 672 N.Y.S.2d 908 (App. Div.2d Dep't 1998), from challenging the charges under DR 1–102(a)(5) (conduct prejudicial to the administration of justice) and DR 7–102(a)(1) (engaging in legal action merely to harass or to injure another maliciously). Because these violations were adequate to support Weinstock's disbarment, we cannot conclude that the alleged collateral estoppel error rose to the level of a violation of due process, as it must, under *Selling,* for us to conclude that reciprocal disbarment is inappropriate.

■ Weinstock asserts that he is entitled to a plenary evidentiary hearing on allegations of prosecutorial misconduct by the New York bar counsel. Second Circuit Local Rule 46(f)(4) does permit the court to appoint a special master to conduct a hearing and report on disputed matters relating to whether reciprocal discipline should be imposed. But while Weinstock has made unsubstantiated allegations of prosecutorial misconduct and corruption, he has not alleged any facts that impugn the fairness of the judicial

proceedings which resulted in his disbarment. For this reason, an evidentiary hearing is not necessary. Nor does Federal Rule of Appellate Procedure 46(b)(3), which mentions that a hearing may be held prior to entry of the order, create a right to an evidentiary hearing on a reciprocal disbarment. *See In re Williams,* 398 F.3d 116, 119 (1st Cir.2005) ("In the usual case, the hearing will be on the papers, supplemented by oral argument addressed to the respondent attorney's specific challenges to the conduct and outcome of the state proceedings.").

We have considered all of Weinstock's other contentions and find each of them to be without merit.

Accordingly, we AFFIRM the disbarment order of the district court, DENY the motion for revocation of this court's disbarment order, and DENY the request for an evidentiary hearing.