Matter of Fritzsch (2019 NY Slip Op 02204)





Matter of Fritzsch


2019 NY Slip Op 02204


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

[*1]
In the Matter of CRAIG RAYMOND FRITZSCH, a Suspended Attorney.
 
(Attorney Registration No. 2005387)

Calendar Date: March 4, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
John Dale Cadore, Binghamton, for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by the Fourth Department in 1984 and previously maintained an office for the practice of law in the City of Binghamton, Broome County. In 2016, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation into allegations that respondent had, among other things, threatened opposing counsel in a City Court proceeding with criminal charges unless said counsel disgorged monies to his client. While AGC was investigating the foregoing allegations, it received a complaint of professional misconduct alleging that respondent had engaged in a conflict of interest and impermissible self-dealing during his representation of a relative in connection with the administration of an estate. Stemming from respondent's failure to cooperate with those investigations, we suspended respondent indefinitely by June 2018 order (162 AD3d 1388 [2018], lv dismissed ___ NY3d ___ [Feb. 14, 2019]). Said suspension remains in effect.[FN1]
AGC now applies, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), for respondent's disbarment, alleging that he has failed to respond or appear for further disciplinary proceedings within six months from the date of his suspension. AGC provided respondent with notice of its motion despite having no obligation to do so, and respondent has submitted an affidavit with exhibits in opposition to the motion. AGC thereafter submitted an affidavit in reply with leave of this Court.
As an initial matter, we reject respondent's contention that AGC's motion seeking his disbarment is premature based upon his belief that an automatic stay was in place resulting from his motion for leave to appeal to the Court of Appeals. CPLR 5519 does not [*2]provide for an automatic stay following an appeal in a disciplinary proceeding and, accordingly, respondent was required to affirmatively move for a stay, which he failed to do (see generally Matter of Weinstock, 292 AD2d 1, 2 [2002]).[FN2]
Having reviewed respondent's affidavit in opposition and his exhibits in support, it is evident that respondent has failed to comply with the investigations that gave rise to his suspension in the six months since it came into effect. In our order, we specifically advised respondent that his suspension was predicated on his failure to provide detailed written responses to the allegations in AGC's investigations and for failing to provide the records requested by AGC prior to or following the scheduled examination under oath, at which he failed to appear. Our prior order also clearly advised respondent that his failure to respond or appear for further disciplinary proceedings within six months from the date of the order could result in his disbarment without further notice. Nevertheless, during the six-month period that followed respondent's suspension, he took no steps to appear before AGC, provided none of the documents that AGC had requested as part of its investigations and the various correspondence he submits on this motion, which he couches as his response to the complaints, contain no substantive responses to the allegations in either investigation (see Matter of Rosenbaum, 161 AD3d 91, 93-94 [2018]; Matter of Karan, 157 AD3d 61, 63 [2017]; Matter of Evans, 154 AD3d 187, 190 [2017]). Accordingly, we find that
respondent has failed to meaningfully comply with AGC's investigations in the six months that followed his suspension (see Matter of Battaglia, 166 AD3d 1281, 1282 [2018]; Matter of DiStefano, 161 AD3d 1444, 1445 [2018]). We therefore grant AGC's motion and disbar respondent from the practice of law in this state.
Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note respondent's failure to submit an affidavit of compliance with that order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).

Footnote 2: We further note that respondent made no request for a postsuspension hearing despite the order of suspension advising him of his entitlement to one (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]).