ASHLODGE, LTD., Plaintiff–Appellee,

v.

Noel W. HAUSER, Appellant,

Victoria Sales Corp. and Erno Bodek, Defendants.

Docket No. 97–7740.

United States Court of Appeals, Second Circuit.

Argued March 26, 1998.

Decided Nov. 20, 1998.

Noel W. Hauser, Noel W. Hauser & Associates, New York City, for appellant.

---

Elliot Schnapp, Law Office of Elliot Schnapp, New York City, for plaintiff–appellee.

Before: FEINBERG, CALABRESI, and BRIGHT,* Circuit Judges.

PER CURIAM.

Appellant, Noel W. Hauser, an attorney for the defendant, Victoria Sales Corporation ("Victoria Sales"), appeals a sanctions order from the United States District Court for the Southern District of New York imposing a $2750.00 sanction on Hauser for the late submission of a 3(g) statement of facts required by the local rules when filing a motion for summary judgment.[1] The district court ordered the sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure for the violation of a deadline set forth in a letter to the attorney from the district court. We vacate the district court's sanctions order. This particular letter does not serve unambiguously as an order of the court, so as to provide the district court with a basis to impose sanctions pursuant to Rule 16(f).[2]

## BACKGROUND

In September 1995, Ashlodge Limited commenced this action to recover damages for Victoria Sales' refusal to accept delivery of goods allegedly ordered by Victoria Sales from Ashlodge. The district court had jurisdiction pursuant to diversity jurisdiction because Ashlodge is organized under the laws of the United Kingdom and Victoria Sales is a New York corporation.

On April 23, 1996, the district court issued a Scheduling Order establishing an August 19, 1996 deadline for the close of discovery and a September 20, 1996 deadline for notification of counsel's intention to file dispositive motions. The Scheduling Order further provided that a 3(g) statement of facts should be served within twenty days after the submission of the notice of intent due on September 20, 1996. In December 1996, defense counsel, Hauser, submitted a proposed 3(g) statement. Hauser acknowledges the lateness of this submission and that the delay occurred as the result of inadvertence.

In response to the proposed 3(g) statement, a law clerk for the district judge sent a letter ("Letter") rejecting Hauser's proposed 3(g) statement on the basis that the form of the 3(g) statement was unsatisfactory. The Letter said that Hauser "should" submit a revised proposed 3(g) statement by January 6, 1997.[3] Hauser did not file the revised 3(g)

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Former Rule 3(g) is now Local Civil Rule 56.1.

2. In this case, the opposing party did not defend the judge's order. Accordingly, this court requested the United States Attorney for the Southern District of New York to provide a brief on behalf of the district court defending the sanctions order entered by the district court. This court received a letter brief from the United States Attorney advising the court that the government cannot defend a judge's sanctions order. We did not request the judge to defend the order because she might have then felt obliged to do so and this might have been an unfair imposition requiring the judge either personally or through an attorney to spend money or time or both in connection with the appeal. In the ordinary case, the appellant's opposing party will file a responsive brief.

The letter brief from the United States Attorney did suggest vacating the sanctions order and remanding the case to the district court for further proceedings in light of *Mackler Productions, Inc. v. Cohen*, 146 F.3d 126 (2d Cir.1998). In

*Mackler,* we concluded that procedural protections similar to those found in criminal proceedings may be required in imposing monetary sanctions on attorneys. In light of the amount of the sanction involved and the time required by the district court and attorney if the case were to be remanded, it is appropriate that we resolve this case at this time and in this court.

3. The Letter reads in pertinent part as follows:

The 3(g) statement does not comply with Judge Batts' January 5, 1996 Individual Rules and will have to be revised and resubmitted before it will be considered by the Court.

During the revision of the 3(g) statement, please refer to the Judge's Individual Rules for guidance. Keep in mind that you must set forth factual assertions and *not* make legal arguments. The factual assertions should track the numbered paragraphs in the movant's 3(g) statement and must contain citations to the record.

Your non-compliant 3(g) statements are being returned with this letter. Your revised 3(g) statement should be submitted to this Court and served on the parties on or before January 6, 1997.

statement until March 31, 1997, approximately eleven weeks after the January 6, 1997 deadline. Hauser contends that his failure to submit a timely revised 3(g) statement was not willful and not intended to show disrespect to the district court.

The district court did not reject defendant's submission of the revised proposed 3(g) statement. Instead, the district court directed plaintiff's counsel to file a responsive 3(g) statement. However, on April 17, 1997, the district court issued an order to show cause why Victoria Sales should not be estopped from filing a motion for summary judgment for failure to timely submit a revised 3(g) statement. In addition, the district court, acting *sua sponte*, ordered Hauser to show cause why the court should not impose monetary sanctions of $250.00 per week for each week of delay in submitting his revised 3(g) statement. In response, Hauser submitted an affidavit stating he had not understood the January 6, 1997 date to be a critical deadline. He further stated that consideration of his motion by the court would serve the interests of both parties and the court, as trial would entail travel by the plaintiff's president and his associate from the United Kingdom to New York at substantial expense. He also opined that the court would dismiss the case as a matter of law on Statute of Frauds grounds at the close of the plaintiff's case.

On May 7, 1997, the district court, again acting *sua sponte*, issued a second order to show cause why sanctions for failure to obey the court's scheduling orders should not be imposed pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Hauser responded in an affidavit that he did not recognize the Letter as an order of the district court fixing a mandatory bar date on the submission of a 3(g) statement.

On May 27, 1997, the district court issued an order imposing sanctions of $2,750.00 against Hauser. The district court arrived at this figure by multiplying $250.00 by the number of weeks Hauser delayed in filing his revised 3(g) statement after the deadline in the Letter.

■ Hauser timely appeals from that order. The district court has stayed enforcement of the order pending determination of the appeal. This court has jurisdiction over this appeal of the order imposing sanctions under the collateral order doctrine. *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 685–86 (2d Cir.1989).

## DISCUSSION

■ The district court ordered sanctions pursuant to Federal Rule of Civil Procedure 16(f). Rule 16(f) provides that a district court may impose sanctions when an attorney disobeys a scheduling or pretrial order. We review a district court's decision to impose sanctions for an abuse of discretion. *United States* ex rel. *Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.,* 95 F.3d 153, 171 (2d Cir.1996).

■ In this case, the district court sanctioned Hauser for failure to follow the court's direction to file a proposed 3(g) statement by January 6, 1997. The May 27, 1997 Sanctions Order states that pursuant to Rule 16(f):

> attorney Noel W. Hauser is sanctioned $250.00 per week for each week of delay in submitting Defendants' revised 3(g) Statement for failure to comply with this Court's direction. Because Mr. Hauser was directed to submit Defendants' revised 3(g) Statement to Chambers by January 6, 1997, but failed to submit said 3(g) Statement until eleven (11) weeks later, on March 31, 1997, Mr. Hauser is sanctioned a total of $2,750.00.

The district court did not make a reference to the April 1996 Scheduling Order as the basis for the sanctions. Furthermore, the amount of the sanctions directly flows from the number of weeks Hauser filed the proposed 3(g) statement after the deadline given by the Letter. Based on the sanctions order, the issue is whether the district court properly sanctioned Hauser on the basis of the Letter. In our view, it was an abuse of discretion for the district court to sanction Hauser on this basis.

The Letter states that the "revised 3(g) statement should be submitted" on or before January 6, 1997. Use of the word "should" rather than, for example, "shall" is not clearly mandatory. "Should" could mean "must,"

but can also mean "It would be desirable." *Cf. United States v. Harris,* 13 F.3d 555, 559 (2d Cir.1994) (comparing "should" with "must" or "shall"). To sustain sanctions under Rule 16(f), an order must be unambiguous and use of the word "should" in this context created ambiguity sufficient to justify vacating the sanctions. Accordingly, the district court erred in imposing the sanctions.

## CONCLUSION

We vacate the order imposing sanctions against Hauser and direct the district court to dismiss the sanction proceedings against Noel W. Hauser.