09-0591-cv
Hatcher v. CVS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December , two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

Philip Hatcher,

> *Plaintiff-Appellant*,

v.                                                                          09-0591-cv

CVS Corporation,

> *Defendant-Appellee*.

---

1

FOR APPELLANT:    ANTHONY C. OFODILE; Law Office of Anthony C. Ofodile, Esq.; Brooklyn, NY.

FOR APPELLEE:    RICHARD M. DEAGAZIO; Edwards Angell Palmer & Dodge, LLP; Madison, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Hatcher appeals from 1) the district court's September 30, 2008 order approving the Report and Recommendation of Magistrate Judge Tomlinson and granting partial summary judgment to CVS and 2) the district court's January 26, 2009 dismissal of all remaining claims under Federal Rules of Civil Procedure 16(f) and 41(b). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Hatcher's complaint listed thirteen causes of action based on Title VII of the Civil Rights Act of 1964, § 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and Article 6 of the New York Labor Law. The district court granted summary judgment to CVS on Hatcher's claims for failure to pay wages under the FLSA; failure to pay wages from September 2000 through July 2005 in violation of New York Labor Law; racial discrimination; retaliatory demotion; and retaliatory discharge. The court denied summary judgment on the remaining claims, which asserted failure to pay wages from 1999 to September 2000, retaliatory failure to promote, and retaliatory hostile work environment, and it set trial for January 2009. These claims were later dismissed by the trial judge pursuant to Rules 41(b) and 16(f) for failure to comply with a court order and failure to file pretrial orders.

On appeal, Hatcher did not brief arguments addressing the grant of summary judgment to CVS for the retaliatory demotion claims. We consider those claims waived. *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 708 (2d Cir. 2007). We review dismissals pursuant to Rule 41(b) and Rule 16(f) for abuse of discretion. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998); *Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir. 1998) (per curiam) (reviewing a Rule 16(f) sanction under an abuse of discretion standard), *abrogated on other grounds*, *Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

The district court did not exceed its discretion in dismissing, pursuant to Rules 16(f) and 41(b), the claims that were set for trial. On the January 26, 2009 trial date, plaintiff's attorney stated that he was not ready to proceed, and he refused to try the case. The district court first granted CVS's motion for dismissal based on Rule 16(f) for the plaintiff's attorney's failure to file an amended joint pretrial order, directly contravening orders of the court as well as local rules. But the district court then analyzed the circumstances in light of the five factors that must be considered in dismissing a case under Rule 41(b), ultimately determining dismissal under this rule was also proper. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

After reviewing the plaintiff's long record of delay and missed deadlines leading up to the trial and the plaintiff's refusal to proceed with trial on the date scheduled, we find the district court did not abuse its discretion in dismissing the claims that remained for trial. As for the claims dismissed on summary judgment, as plaintiff was unprepared to proceed on the designated trial date, there is no reason to believe he would have been more prepared to try additional claims. Thus, had plaintiff obtained the relief that he now seeks and been permitted a trial on those claims that were dismissed, by his own admission and as evidenced by his actions, he would have been unable

to go forward. Because we affirm the Rule 16(f) and 41(b) dismissal of a limited number of plaintiff's claims, that dismissal subsumes the six additional claims that plaintiff seeks to have reinstated.[1]

Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By:_____

---

[1] These six claims were, regardless, properly dismissed on summary judgment by the district court. On the one possible point of contention, Hatcher's July 6, 2005 letter was insubordinate and was not a protected activity under Title VII. *See Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000) (determining that disruptive and insubordinate complaints of discrimination constitute a basis for adverse action against an employee that does not violate Title VII).