10-4832-cv (L)
Houghton v. Culver

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT:   JOHN M. WALKER, Jr.,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges.*

_____

JAMES R. HOUGHTON,

                              *Plaintiff-Appellant-*
                              Cross-Appellee,

            v.                                                              10-4832-cv(L);
                                                                            10-5064-cv(XAP)

Lieutenant DANIEL CULVER, of the Orleans
County Sheriff's Department, Deputy Erin Fuller, of
the Orleans County Sheriff's Department, Deputy
Ken Strickland, of the Orleans County Sheriff's
Department,

                              *Defendants-Appellees-*
                              Cross-Appellants,

District Attorney Joseph V. Cardone,
Sherriff Merle Fredericks,

                              *Defendants.*

_____

FOR PLAINTIFF-APPELLANT-
CROSS-APPELLEE:                              JAMES R. HOUGHTON, *pro se*, Medina, NY.

FOR DEFENDANTS-APPELLEES-
CROSS APPELLANTS:                            MICHAEL P. MCCLAREN, Kevin T. O'Brien,
                                             Webster Szanyi LLP, Buffalo, New York.

Appeal from the judgment of the United States District Court for the Western District of New York (David G. Larimer, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED and the cross-appeal is DISMISSED as moot.

Plaintiff-Appellant-Cross-Appellee James R. Houghton, *pro se*, appeals the district court's November 1, 2010 judgment dismissing his 42 U.S.C. § 1983 action for failure to comply with the court's pretrial orders. Defendants-Appellees-Cross-Appellants appeal from the district court's September 2006 and October 2008 orders denying summary judgment. We assume the parties' familiarity with the underlying facts and procedural history.

Federal Rule of Civil Procedure 16(f) governs the imposition of sanctions for a litigant's failure to participate in pretrial conferences or comply with pretrial orders. We review a district court's decision to impose sanctions under Rule 16(f) for abuse of discretion. *See Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir. 1998), *abrogated on other grounds by Cunningham v. Hamilton Cnty*, 527 U.S. 198, 210 (1999). The Rule provides, in pertinent part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . is substantially unprepared to participate–or does not participate in good faith–in the conference[] or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)-(C). Rule 37, which addresses a litigant's discovery

obligations, identifies dismissal as a possible sanction for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). In reviewing a district court's dismissal pursuant to Rule 16(f), therefore, the standards developed under Rule 37(b)(2) are applied. *See* Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery.").

In the context of Rule 37(b)(2), we have observed that dismissal "'is a drastic remedy that should be imposed only in extreme circumstances,' . . . usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988), quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986). A litigant's "willfulness or conscious disregard" for the district court's orders, however, may "justif[y] the sanction of dismissal." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (citation and quotation marks omitted); *see also Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994). In evaluating a district court's dismissal of an action under Rule 37, we have previously identified several "useful" factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (internal citations omitted); *see also S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (stating that "these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion"). Where a plaintiff appears *pro se*, dismissal with prejudice may be imposed only if "a warning has been given that noncompliance can result in dismissal." *Valentine*, 29 F.3d at 50.

3

Reviewing the record in light of these principles, we affirm the district court's dismissal of Houghton's action. The record demonstrates that Houghton failed to comply with three pretrial orders and did nothing to prepare for a trial that had been scheduled for approximately six months. Specifically, in a May 2010 pretrial order, the district court set a November 1, 2010 trial date, explicitly stating that trial would not be adjourned. The order also scheduled a final pretrial conference for October 19, 2010 and directed the parties to file various documents, including *voir dire* information, exhibit lists, lists of undisputed facts, itemized damages, and proposed jury instructions at least three weeks before that final conference, or by September 28, 2010. Then, in September 2010, after the defendants filed a motion *in limine*, the district court ordered Houghton to respond to the motion by October 5, 2010 and to be prepared to discuss the motion at the October 19, 2010 conference. By the time of the October 19, 2010 pretrial conference, however, Houghton had not submitted any of the required documents and had failed to respond to the defendants' motion *in limine*. During that conference, moreover, Houghton admitted that he was "not ready at all" and that he had taken no steps to prepare his case for trial since receiving documents from his second lawyer in September 2009. In fact, Houghton admitted that he had not even opened the box of documents he had received from his lawyer despite having had the box in his possession for over one year. Finally, even after the district court provided Houghton with an additional week to find a lawyer or prepare for trial, explicitly warning him that dismissal could result from further noncompliance, Houghton appeared at the subsequent conference still having failed to comply with the majority of the required pretrial submissions. Under these circumstances we conclude that, at the very least, Houghton consciously disregarded the district court's pretrial orders. *See Minotti*, 895 F.2d at 103.

4

Houghton proffered two explanations for his noncompliance – that he did not understand which documents he was to submit or the procedure for doing so and that he was still attempting to find an attorney.  With respect to the first explanation, this Court has repeatedly held that while *pro se* litigants are entitled to special solicitude, "[a]ll litigants, including pro ses, have an obligation to comply with court orders."  *Valentine*, 29 F.3d at 50 (quoting *Minotti*, 895 F.2d at 103); *see also Agiwal*, 555 F.3d at 302.  Houghton failed to seek clarification from the district court of any order he found unclear.  In rejecting Houghton's explanation based on his purported difficulties in retaining an attorney, the district court reasonably took into account Houghton's termination of two separate attorneys over the course of the litigation and that he fired his last attorney in April 2009 – some 18 months before the scheduled trial date.  *See S. New England Tel. Co.*, 624 F.3d at 144 (holding that "the district court is free to consider the full record in the case" when selecting the appropriate sanction) (internal quotation omitted)).  Moreover, contrary to the assertion in his brief that he could not find any attorney willing to take his case, Houghton stated during the October 26, 2010 conference that he had interviewed two lawyers in the previous week but was not "satisfied" with either.

Under the circumstances of this case, the district court's dismissal did not fall outside "the range of permissible decisions," especially in light of Houghton's admitted failure to prepare for trial in any way despite being aware of the trial date for approximately six months. *See Zervos v. Verizon N. Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

We have considered all of Houghton's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.  In light of our ruling, the

cross-appeal challenging the district court's summary judgment denials is rendered moot and is therefore DISMISSED. *See Giordano v. Thomson*, 564 F.3d 163, 167-68, 170 (2d Cir. 2009).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk