13-2488-cv
Shiu v. New Peking Taste, Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
**Circuit Judges,**
CHRISTINA REISS,
**District Judge.**[*]

- - - - - - - - - - - - - - - - - - - - - - -X

Man Wei Shiu, Dan Feng Lin, on behalf of themselves and others similarly situated,

**Plaintiffs-Appellees,**

-v.-                                    13-2488

Jung & Associates Law Office P.C.,

**Appellant,**

---

[*] Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**New Peking Taste Inc., DBA New Peking Taste Restaurant, Gen Xu Shu, Xiao Mei Wang, John Doe, Jane Doe, ABC Corporation,**

**Defendants.**[**]

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** ISAIAH F. SHOTKIN, New York, New York.

**FOR APPELLEES:** THOMAS HSIEH CHIH KUNG (Benjamin B. Xue, on the brief), Xue & Associates, P.C., New York, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **AFFIRMED.**

The law firm Jung & Associates Law Office P.C. (the "Jung Firm") appeals from an order of the United States District Court for the Eastern District of New York (Garaufis, J.), which imposed the costs of several court conferences jointly and severally on the Jung Firm pursuant to Fed. R. Civ. P. 16(f). The court determined, based on the Report and Recommendation of Magistrate Judge Roanne Mann, that those conferences had been rendered meaningless due to the dereliction of the Jung Firm (as well as other attorneys purportedly from the law firm of Neiman, Wang & Associates P.C.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the imposition of Rule 16(f) sanctions for abuse of discretion. See Ashlodge, Ltd. v. Hauser, 163 F.3d 681, 683 (2d Cir. 1998), abrogated on other grounds by Cunningham v. Hamilton Cnty., 527 U.S. 198, 210 (1999).

_____

[**] The Clerk of the Court is directed to amend the caption as set forth above.

2

Upon reviewing the record, we conclude that the district court acted well within its discretion in imposing sanctions on the Jung Firm.  The Jung Firm failed to adequately supervise attorney Lydia Celis, who was of counsel to the Jung Firm and whose misconduct in this case is not contested.

Finding no merit in the Jung Firm's arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK